IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | NO.   04-507-1 |
| | : | |
| **JAMAL LEWIS** | : | |

**MEMORANDUM**

**MURPHY, J.**                                                                                                      December 22, 2025

      Between 2015 and 2019, several key Supreme Court decisions significantly changed the landscape for criminal defendants facing enhanced sentencing consequences for "crimes of violence."  Collectively, these decisions invalidated — as unconstitutionally vague — various "residual clauses" contained in the Criminal Code.  These residual clauses essentially defined an offense as a "crime of violence" if committing that offense inherently involved some substantial risk of the use of physical force.  The Sentencing Guidelines also once contained a similar residual clause, which provided enhanced penalties for those deemed "career offenders" due to a crime of violence conviction.  Jamal Lewis argues that the invalidity of these residual clauses requires us to vacate and correct his sentence — which is, in part, predicated upon his conviction for a crime of violence under 18 U.S.C. § 924(c)(1) and his career offender enhancement under § 4B1.1(a) of the Guidelines.  But these residual clauses had nothing to do with Mr. Lewis's convictions and sentence.  Accordingly, we decline to vacate his sentence and deny his motion.

**I.**     **FACTUAL BACKGROUND AND MOTION AT ISSUE**

      Following his guilty plea (DI 86) in 2006, Jamal Lewis was sentenced to (1) 120 months' incarceration, followed by 5 years of supervised release, for robbery and conspiracy to commit robbery under 18 U.S.C. § 1951(a) (Hobbs Act Robbery); and (2) a consecutive 60 months of imprisonment for using and carrying a firearm during a crime of violence under 18 U.S.C.

924(c)(1). DI 95. Mr. Lewis was one of several defendants involved in these crimes.

In 2016, Mr. Lewis filed the instant motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. DI 131. He argues that, under *Johnson v. United States*, 576 U.S. 591 (2015), his § 924(c) conviction and career offender enhancement[1] violate due process of law, such that his sentence and § 924(c) conviction should be vacated. *Id.* at 1. According to Mr. Lewis, the *Johnson* Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague because it creates significant uncertainty regarding (1) how to estimate the risk presented by a crime; and (2) how much risk is required for a crime to constitute a violent felony. *Id.* at 2-4. He underscores that the ACCA's residual clause is materially identical to the definition of "crime of violence" in § 924(c). *Id.* at 2-3 (noting the ACCA's residual clause regards an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" while § 924(c) defines "crime of violence" as, *inter alia*, a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."). Mr. Lewis observes that cases interpreting the residual clauses of the ACCA, § 924(c)(3), and 18 U.S.C. § 16(b) — which also is identical to § 924(c)(3) — often rely on one another. *Id.* at 3. He further highlights that, following *Johnson*, multiple courts of appeals and district courts have concluded that the residual clauses of §§ 924(c)(3)(B) and 16(b) are unconstitutional. *Id.* at 4 (citation modified).

Nor, Mr. Lewis contends, is Hobbs Act robbery a categorical match for a crime of violence under § 924(c)(3). *Id.* at 6. He explains that Hobbs Act robbery does not require the

---

[1] Mr. Lewis asserts that he was sentenced as a career offender under the residual clause of § 4B1.2(a)(2) of the U.S. Sentencing Guidelines. DI 131 at 1, 8.

element of "the use, attempted use, or threatened use of physical force against the person or property of another[,]" — where physical force equals violent force — given that an individual may commit Hobbs Act robbery without the use of violent force. *Id.* at 6-7. In such circumstances, the crime of Hobbs Act robbery only could serve as a predicate offense under § 924(c)(3) pursuant to § 924(c)(3)(B)'s residual clause — and that clause is unconstitutionally vague. *Id.* In partial reliance upon this reasoning, Mr. Lewis also avers that his Hobbs Act offense did not constitute a crime of violence, such that he did not qualify as a career offender under §§ 4B1.1(a), 1.2(a). *Id.* at 8. And Mr. Lewis argues that because robbery, murder, and assault under Pennsylvania law are not categorical matches for crimes of violence, these prior convictions could not serve as predicate offenses under § 4B1.1(a) — in other words, those offenses did not otherwise qualify him as a career offender. *Id.* at 8-10.

Mr. Lewis further observes that the career offender provision of the U.S. Sentencing Guidelines defining "crime of violence" — § 4B1.2(a) — contained an identical residual clause to the residual clauses that have been found unconstitutionally vague. *Id.* at 4-5 (explaining that § 4B1.2 defines a crime of violence as a federal or state offense punishable by more than one year of incarceration that, *inter alia*, "otherwise involves conduct that presents a serious potential risk of physical injury to another.") (citation modified). He underscores that, in finding that the ACCA's residual clause was unconstitutionally vague, the *Johnson* Court relied on four decisions interpreting § 4B1.2(a)(2)'s residual clause. *Id.* at 5. Thus, he insists that *Johnson* invalidated the residual clause contained in the career offender sentencing enhancement — something the government previously conceded in other cases. *Id.* (citation modified).

Without the career offender enhancement, Lewis contends his guidelines range would

3

have been 120-150 months' incarceration. *Id.* at 10. Noting that *Johnson* is retroactive to cases on collateral review, Lewis asks us to resentence him without § 924(c)'s mandatory minimum and § 4B1.2(a)(2)'s career offender enhancement. *Id.* at 1, 11.

The government urges us to deny Mr. Lewis's motion, arguing that *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023), forecloses Mr. Lewis's argument. DI 146 at 1. It asserts that, under *Stoney*, completed Hobbs Act robbery is a valid predicate offense for a § 924(c) crime of violence conviction. *Id.* Moreover, though the government concedes that a conspiracy offense does not categorically qualify as a § 924(c) predicate crime of violence, it insists there is no issue with Mr. Lewis's § 924(c) conviction because that conviction was predicated on both conspiracy to commit robbery and completed robbery — where completed robbery is a categorical crime of violence. *Id.* at 1-2 (citation modified). The government further avers that the U.S. Supreme Court rejected Mr. Lewis's career offender argument in *Beckles v. United States*, 580 U.S. 256 (2017). *Id.* at 2.

## II.    LEGAL STANDARDS

### A.    Motion to vacate

Under 28 U.S.C. § 2255(a), a prisoner sentenced in federal court may move that court "to vacate, set aside or correct [his] sentence" if, *inter alia*, the sentence is "subject to collateral attack." 28 U.S.C. § 2255(a). We shall hold a hearing to adjudicate a § 2255 motion, unless the motion, records, and files conclusively demonstrate "that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether to hold such a hearing is a question committed to our sound discretion. *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising our discretion, we must accept the movant's factual claims as true, unless they are clearly frivolous on the face

of the record. *Id.* If we determine that the prisoner is entitled to relief under § 2255, we "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Typically, a prisoner must file a § 2255 motion to vacate, set aside, or correct his sentence within one year of the date of the final judgment. 28 U.S.C. 2255(f)(1). However, this period may be extended if his motion depends upon, *inter alia*, a right newly recognized by the Supreme Court and made retroactively applicable to cases upon collateral review. 28 U.S.C. § 2255(f)(3). In such situations, the prisoner's clock starts on the date that the right was first recognized by the Supreme Court. *Id.* The Supreme Court's pronouncements in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 588 U.S. 445 (2019), provide two particularly relevant examples of the Court establishing newly recognized, retroactively applicable rights under 28 U.S. § 2255.

In *Johnson*, the Court addressed 18 U.S.C. § 924(e)(2)(B) — a provision of the ACCA, known as the residual clause, which subjected a felon in possession of a firearm to enhanced punishment if he had three or more prior violent felony convictions, where a violent felony constituted a felony that "involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 576 U.S. at 593. The Court concluded that imposing an increased sentence under the residual clause violated due process because the vagueness of the residual clause created serious uncertainty regarding (1) how to estimate the risk a crime posed; and (2) how much risk is required for a crime to constitute a violent felony. *Id.* at 597-98. The following year, the Court held that *Johnson* was a substantive decision that applied retroactively

5

in cases on collateral review. *Welch v. United States*, 578 U.S. 120, 130 (2016).[2]

Roughly three years later, the Court held in *Davis* that 18 U.S.C. § 924(c)(3)(B) — the residual clause at issue in the matter now before us[3] — was unconstitutionally vague. *Davis*, 588 U.S. at 470. Though the Court did not address whether its holding regarding § 924(c)(3)(B)'s residual clause applied retroactively, the combination of *Johnson* and *Welch* "necessarily dictate retroactivity of the" *Davis* rule. *Tyler v. Cain*, 533 U.S. 656, 666 (2001) ("Multiple cases can render a new rule retroactive only if the holdings in those cases necessarily dictate retroactivity of the new rule.") The ACCA's unconstitutionally vague residual clause is materially identical to § 924(c)(3)(B)'s residual clause. *United States v. Collazo*, 856 Fed. Appx. 380, 381-82 (3d Cir. 2021). *Welch* recognized that the new rule announcing the unconstitutionality of the ACCA's residual clause constituted a substantive decision that thus applied retroactively upon collateral review. *Welch*, 578 U.S. at 130. Following this reasoning, the *Davis* rule — which announced the unconstitutionality of the materially identical § 924(c)(3)(B) residual clause —

---

[2] Though generally new constitutional rules of criminal procedure are not retroactively applied, there are two categories of decisions that typically apply retroactively: (1) decisions announcing new substantive rules; and (2) new watershed criminal procedure rules. *Welch*, 578 U.S. at 128 (*citing Teague v. Lane*, 489 U.S. 288, 310-13 (1989)). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (citation modified); *see also Welch*, 578 U.S. at 129 (citation modified). The *Welch* Court explained that the *Johnson* rule was substantive because it altered "the range of conduct or the class of persons that the [Act] punishes" given that, post-*Johnson*, an individual could no longer be subject to the ACCA for conduct that only fell under the residual clause because the residual clause is invalid. *Id.* at 129-30.

[3] 18 U.S.C. § 924(c)(3)(B) makes a "crime of violence" "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.*

also must constitute a substantive, retroactively applicable rule.[4]

**B.      "Crime of violence" under § 924(c)(3)**

Section § 924(c) authorizes enhanced criminal penalties for the use, carrying, or possession of a firearm in connection with a federal "crime of violence or drug trafficking crime[.]" 18 U.S.C. § 924(c)(1)(A). The law defines what constitutes a "crime of violence" using two subparts: the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). As written, a crime constitutes a "crime of violence" if it satisfies either of these two subparts. The elements clause defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause — which *Davis* held is unconstitutionally vague — defines a "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *Davis*, 588 U.S. at 470. Notably, the *Davis* Court did not invalidate the elements clause of § 924(c)(3); indeed, it solely addressed the problem that arose because the "residual clause, read categorically, sweeps more broadly than

---

[4] We are not alone in this conclusion. The Fifth, Sixth, Tenth, and Eleventh Circuits have all concluded that, based on *Welch*, the *Davis* holding applies retroactively. *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) (concluding that *Davis* applies retroactively to cases on collateral review because it altered the range of conduct or class of individuals punishable under § 924(c)) (citation modified); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (same); *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) (same); *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020) (per curiam) (same). And the Third Circuit has implied that *Davis* announced a substantive, retroactively applicable rule under the *Johnson-Welch* logic. *Collazo*, 856 Fed. Appx. at 382-83 ("Collazo's motion was timely because it was filed within a year of *United States v. Johnson*, in which the Supreme Court announced a new, retroactive, substantive rule. . . . Moreover, the motion is supported by *United States v. Davis*, which came later and also announces a new rule for purposes of § 2255 timeliness[.]").

7

the elements clause[.]" *Id.* at 467 (citation modified). Thus, the elements clause remains a valid basis for a felony offense to constitute a crime of violence under § 924(c).

The Third Circuit's decision in *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023), exemplifies this distinction between § 924(c)(3)'s elements clause (which is valid) and its residual clause (which is invalid). There, the Court addressed whether completed Hobbs Act robbery constituted a crime of violence under § 924(c)(1)(A). *Stoney*, 62 F.4th at 110. It explained that, to identify the predicate crime of violence for a guilty plea under § 924(c), we must examine (1) the indictment; and (2) the plea agreement and attendant factual proffer. *Id.* at 112 (citation modified); *see also Collazo*, 856 Fed. Appx. at 383-84 (looking at the indictment, plea agreement, and plea colloquy to determine whether the petitioner committed Hobbs Act robbery and whether that offense constituted the predicate offense for his § 924(c) conviction). Upon evaluating these documents, the *Stoney* Court determined there was "no question that Stoney personally committed a completed Hobbs Act robbery" which "qualifies as a crime of violence under § 924(c)(3)(A)." *Stoney*, 62 F.4th at 112-13. As the Court explained, a defendant only may be convicted of completed robbery if the government demonstrates he "engaged in the unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force." *Id.* at 113 (citation modified). So, because "completed Hobbs Act robbery requires proof of 'the use, attempted use, or threatened use of physical force[,]'" — *i.e.*, the definition contained in the § 924(c)(3)(A) elements clause — completed Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A). *Id.* (citation modified).

In contrast to completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the § 924(c)(3)(A) elements clause. *United States v. Taylor*, 596 U.S. 845, 851 (2022)

("Whatever one might say about **completed** Hobbs Act robbery, **attempted** Hobbs Act robbery does not satisfy the elements clause.") (emphasis in original). This is because attempted Hobbs Act robbery does not require the government to prove the defendant used, attempted to use, or threatened to use force against another or his property. *Id.* Thus, because attempted Hobbs Act robbery does not satisfy the § 924(c)(3)(A) elements clause, and *Davis* invalidated the § 924(c)(3)(B) residual clause, attempted Hobbs Act robbery cannot serve as a predicate offense for a § 924(c) crime of violence.

**C.     Career Offender provision of the Sentencing Guidelines**

Section 4B1.1 of the U.S. Sentencing Guidelines provides enhanced sentencing penalties for individuals deemed "career offender[s]." § 4B1.1. It states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id.* Section 4B1.2(a), in turn, defines "crime of violence" as any federal or state offense, punishable by more than one year of imprisonment, that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." § 4B1.2(a). Previously, § 4B1.2(a)(2) contained a residual clause, which mirrored the residual clauses contained in the ACCA (struck down by *Johnson*) and § 924(c)(3)(B) (struck down by *Davis*). § 4B1.2, Definitions of Terms Used in Section 4B1.1, USSG,

§ 4B1.2(a)(2), 18 U.S.C.A. (effective Nov. 1, 2015) (defining a "crime of violence" as any federal or state offense punishable by more than one year of imprisonment that, *inter alia*, "involves conduct that presents a serious potential risk of physical injury to another"). In 2016, after the *Johnson* decision, Congress amended § 4B1.2(a)(2) by removing the residual clause. Amendment 822 to U.S.S.G. § 4B1.2 (effective Nov. 1, 2023). The following year, the Supreme Court rejected a challenge to § 4B1.2(a)(2)'s former residual clause, concluding that the Sentencing Guidelines — which are advisory — are not subject to vagueness challenges under the due process clause. *Beckles*, 580 U.S. at 259, 267.

### III. DISCUSSION

**A.** **Mr. Lewis is not entitled to the requested relief because his crime of violence conviction under 18 U.S.C. § 924(c) was based on completed Hobbs Act robbery, and his career offender enhancement under § 4B1.2(a)(2) was based on completed Hobbs Act robbery and prior convictions for completed Hobbs Act robbery and aggravated assault**

The problem for Mr. Lewis is that his arguments rely upon the invalidity of the residual clauses contained in 18 U.S.C. § 924(c)(3)(B) and formerly contained in § 4B1.2(a)(2) of the Sentencing Guidelines. He is correct that § 924(c)(3)(B) is suspect: as we have explained, *Davis* declared that the § 924(c)(3)(B) residual clause is unconstitutionally vague. *Davis*, 588 U.S. at 470. As for § 4B1.2(a)(2), following the *Johnson* decision invalidating the ACCA's residual clause, Congress amended this provision in 2016 by removing the residual clause. So, again, Mr. Lewis is correct that a defendant can no longer be subjected to a career offender enhancement by virtue of a crime of violence as defined by § 4B1.2(a)(2)'s now-defunct residual clause.

However, as the underlying documents of this case make clear, Mr. Lewis was never

10

convicted of a § 924(c) crime of violence, nor subjected to a § 4B1.2(a)(2) career offender enhancement, because of their respective residual clauses. Rather, Mr. Lewis was indicted for, *inter alia*, completing a Hobbs Act robbery. DI 1 at 2-5. Additionally, the transcript of the change of plea hearing (DI 155) makes clear that Mr. Lewis pled guilty to completed Hobbs Act robbery. DI 155 at 22-25. And Mr. Lewis was sentenced for completed Hobbs Act robbery.

Thus, Mr. Lewis's arguments about the residual clauses — while technically correct — have no bearing on the validity of his sentence. Mr. Lewis pled guilty as follows: count 1 – conspiracy to interfere with interstate commerce by robbery; count 2 – interference with interstate commerce by robbery; and count 3 – using or carrying a firearm during a crime of violence. *Id.* at 4-5. He received a sentence of 120 months' incarceration, with a subsequent 5 years of supervised release, for Hobbs Act robbery and conspiracy to commit such robbery. DI 95. And he was sentenced to a consecutive term of 60 months' imprisonment for using and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c)(1). *Id.* The predicate offense for Mr. Lewis's conviction under § 924(c)(1) — *i.e.*, the underlying "crime of violence" — was the completed Hobbs Act robbery.[5] DI 155 at 8. Completed Hobbs Act robbery is a valid predicate offense for a § 924(c) conviction. *Stoney*, 62 F.4th at 112-13.

Mr. Lewis's career offender enhancement argument is also incorrect. First, *Beckles* bars Mr. Lewis from challenging § 4B1.2(a)(2) — the former residual clause — on vagueness

---

[5] We find irrelevant the fact that, in its indictment, the grand jury asserted that the crimes undergirding Mr. Lewis's § 924(c) charge included Hobbs Act robbery and conspiracy to commit such robbery. DI 1 at 6. Even if a conspiracy offense does not categorically qualify as a § 924(c) predicate crime of violence, which the government concedes (DI 146 at 1-2), this is immaterial because Mr. Lewis's § 924(c) charge was predicated on both completed robbery and conspiracy to commit robbery — and completed robbery is a categorical crime of violence. *Stoney*, 62 F.4th at 112-13.

11

grounds. *Beckles*, 580 U.S. at 259, 267 (2017). Even if *Beckles* did not preclude his challenge, Mr. Lewis's attack still suffers from the same error as his § 924(c) attack: his career offender enhancement is, at least in part, based upon the instant offense of completed Hobbs Act robbery. He qualified as committing a crime of violence under the career offender enhancement because his completed Hobbs Act robbery was a categorical match under the elements clause of § 4B1.2(a)(1) — not under the now-defunct residual clause formerly contained in § 4B1.2(a)(2). As for § 4B1.1(a)'s other requirements, Mr. Lewis was at least eighteen years old when he committed the instant offenses. DI 155 at 3. And his prior convictions for robbery and aggravated assault[6] clearly constituted crimes of violence. § 4B1.2(a) (defining, in subpart (2), "crime of violence" as any federal or state offense, punishable by more than one year of imprisonment that is, *inter alia*, "aggravated assault" or "robbery"). Mr. Lewis thus was validly sentenced as a career offender under § 4B1.1(a).

## IV.    CONCLUSION

Mr. Lewis was validly convicted and sentenced under 18 U.S.C. § 924(c) for using or carrying a firearm in furtherance of a "crime of violence" because the predicate offense for that

---

[6] Mr. Lewis's pre-sentence report (PSR) — which we obtained from the U.S. Probation Office — confirms that Mr. Lewis had prior convictions for completed robbery and aggravated assault. *See Commonwealth v. Lewis*, CP-51-CR-0803401-2024. Together, these offenses satisfy subpart (3) of the career offender enhancement provision under § 4B1.1 — which requires that "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense" — and where § 4B1.2(a)(2) defines a crime of violence as any federal or state offense, punishable by more than one year of imprisonment that is, *inter alia*, robbery or aggravated assault. §§ 4B1.1, 1.2(a). Completed robbery constitutes a crime of violence for § 4B1.2 purposes. *Stoney*, 62 F.4th at 112-13. Moreover, the Third Circuit has concluded that the Pennsylvania crime of aggravated assault constitutes a crime of violence for purposes of § 4B1.2. *United States v. Dobbin*, 147 F.4th 333, 347 (3d Cir. 2025) (citation modified).

"crime of violence" was completed Hobbs Act robbery. His conviction for completed Hobbs Act robbery likewise validly served as the basis for his career offender enhancement under § 4B1.1(a), and he otherwise satisfies the elements of § 4B1.1(a). Accordingly, Mr. Lewis is not entitled to relief under § 2255, so we deny his motion to vacate and correct his sentence.